GEORGE, the Count Joannes, Respondent, *v.* LOUIS J. JENNINGS and GEORGE JONES, Editor and Publisher of the "New York Times" Newspaper.

*Libel — truth of allegations — bar to suit in civil actions — Motive immaterial — otherwise in criminal prosecutions — State Cons., art. 1, sec. 8 — Motion for a new trial — ground of, should be stated.*

It is not error to deny a motion for a new trial when no grounds for it are stated; nor will the appellate court entertain questions raised there for the first time.

[*] Belger v. Dinsmore, 51 N. Y., 166 ; Collender v. Dinsmore, 55 id., 200 ; Wetzell v. Dinsmore, 54 id., 496 ; Magin v. Dinsmore, Court of Appeals ; Long v. N. Y. C. R. R. Co., 50 N. Y., 76 ; Root v. Great W. R. R. Co., 45 id., 524 ; Reed v. U. S. Ex. Co., 48 id., 462 ; Babcock v. The L. S. & M. S. R. R., 49 id., 491 ; Breese v. The U. S. Telegraph Co., 48 id., 132.

The constitutional provision (§ 8, art. 1) that, in cases of libel, "if it shall appear to the jury that the matter charged as libelous is true, and was published with good motives and for justifiable ends, the party shall be acquitted," applies only to criminal prosecutions.

In civil actions, where the truth of the alleged libel is pleaded in justification, it may be proved as a complete bar to the suit. In such cases the motive with which the publication was made is not material. *

The rule is the same in slander cases. †

APPEAL from a judgment entered on a verdict, and from an order denying a motion for a new trial. This action was brought to recover damages of the defendants for the publication of an alleged libelous article concerning the plaintiff in the New York Times, of January 27, 1871.

*Hamilton Cole*, for the appellants.

*George, the Count Joannes*, respondent in person.

Opinion by DAVIS, P. J.

DANIELS and BRADY, JJ., concurred.

Judgment reversed and a new trial ordered, with costs to abide the event.